IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| MICHELE A. CHRISTIAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 10-789 |
| FULTON FINANCIAL | : | |
| CORPORATION, et al. | : | |


## MEMORANDUM

**Juan R. Sánchez, J.**                                                                 **August 24, 2010**

Plaintiffs Michele A. Christian and George H. Christian filed a pro se complaint, asserting federal and state claims against Defendants arising from alleged fraud and conspiracy connected to a refinance mortgage loan obtained by Mrs. Christian and secured with property owned by the Christians. The Christians named a number of corporate entities and individuals in their complaint and added several additional defendants in an amended complaint. Both complaints name Samuel I. White, P.C. (White), a law firm located in Virginia Beach, Virginia, as a Defendant. White was responsible for collection of Mrs. Christian's loan.

Defendants move to dismiss the Complaint for improper venue, pursuant to 28 U.S.C. § 1406(a). *See* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Where a plaintiff asserts at least one federal claim, venue is proper in

> (1) a judicial district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which a substantial
> part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

First, Defendants assert venue in this District is improper because White is not subject to this Court's jurisdiction. Generally, defendants bear the burden of showing venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). When a motion to dismiss raises a jurisdictional question, however, the plaintiff must show the Court has jurisdiction. *Id.* at 724 n.10.

For purposes of venue, a defendant corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Federal Rule of Civil Procedure 4(e) allows district courts to exercise personal jurisdiction over a nonresident to the extent allowable under the laws of the state in which the district court sits. In Pennsylvania, a court may exercise jurisdiction over nonresidents to "the fullest extent allowed under the Constitution of the United States and [jurisdiction] may be based on the most minimum contact" with the Commonwealth. 42 P.S. § 5322(b). The Constitution permits courts to exercise personal jurisdiction over a defendant that has sufficient contacts "such that the defendant should reasonably expect to be haled into court in the forum state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987) (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). To show sufficient minimum contact, a plaintiff must show the defendant's actions in the current case arose out of its contacts with the forum state or the defendant has "continuous and systematic" contacts with the forum state. *Provident Nat'l Bank*, 819 F.2d at 437 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)). In addition, allegations of membership in a civil conspiracy do not subject a defendant to the jurisdiction of every

forum state in which other conspiracy members reside. *Mass. Sch. of Law v. Am. Bar Ass'n*, 846 F. Supp. 374, 379 (E.D. Pa. 1994). In order for an alleged conspiracy member to be subject to jurisdiction in the forum, "there must be substantial acts in furtherance of the conspiracy within the forum, of which the out-of-state coconspirator was or should have been aware." *Id.* at 379-380.

In their complaint, amended complaint, and brief in opposition to Defendants' motion, the Christians assert that White transacts business in Pennsylvania. The Christians do not allege any specific contacts between White and Pennsylvania nor do they allege White has had contact with alleged co-conspirators located in Pennsylvania. Under the pleading standard set forth by Federal Rule of Civil Procedure 8, the Christians' conclusory allegation regarding White's transaction of business in Pennsylvania is insufficient to show White has sufficient minimum contacts with Pennsylvania for this Court to exercise personal jurisdiction over White. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (stating, in deciding a motion to dismiss, courts need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements"). Thus, given the Christians' failure to meet their burden on the jurisdictional issue, Defendants have shown White does not reside in Pennsylvania. Venue, therefore, does not lie in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b)(1).

Second, Defendants assert venue in this district is improper because "a substantial part of the events or omissions giving rise to the claim" did not occur in Pennsylvania and "a substantial part of property that is the subject of the action" is not located in this district. 28 U.S.C. § 1391(b)(2). To analyze whether events or omissions are substantial, "it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). "Events or omissions that might only have some tangential connection with the dispute in litigation are not

enough." *Id.* at 294. The requirement of substantiality "preserve[s] the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

The essence of this case is a dispute arising from Mrs. Christian's mortgage loan. Though the parties dispute precisely where the mortgage note was signed, it is undisputed it was signed within the Eastern District of Virginia. The property used as collateral for the mortgage loan, and for which the Christians seek to quiet title, is also located in the Eastern District of Virginia. The Christians assert some portion of the alleged conspiracy took place in Pennsylvania, but they fail to specify any discrete act or omission which took place in this district. Thus, because a substantial part of the events or omissions giving rise to the Christians' claims did not occur in this district and the property which is the subject of this action is not located within this district, venue does not lie in this district pursuant to 28 U.S.C. § 1391(b)(2).

Third, Defendants assert this action may not be brought in this district pursuant to § 1391(b)(3) because the action may be brought in the Eastern District of Virginia, where a substantial portion of the events giving rise to the Christians' claims took place and where the property in question is located. *See* § 1391(b)(3) (stating an action may be brought in a district where "any defendant may be found, if there is no district in which the action may otherwise be brought").

The Christians request this Court permit discovery to uncover evidence showing venue is appropriate in the Eastern District of Pennsylvania. Limited discovery is generally available where a plaintiff's claims are not "clearly frivolous." *Compagnie Des Bouxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983). A jurisdictional claim, however, is "clearly frivolous" when plaintiffs make only "a mere unsupported allegation that the defendant 'transacts business' in an area." *Mass. Sch. of Law at Andover v. Am. Bar Ass'n*, 107 F.3d 1026,

1042 (3d Cir. 1997). The Christians have made an unsupported claim regarding White's transaction of business in Pennsylvania, and they allege no facts supporting their claim a substantial part of the events giving rise to their claims occurred in this district. Thus, the Christians' jurisdictional claim is clearly frivolous and there is no need for jurisdictional discovery in this case.

Finally, if a plaintiff brings his action in an improper venue, 28 U.S.C. § 1406 permits dismissal of the action or transfer to a district in which the action could have been brought, if such a transfer is in the interest of justice. District courts have broad discretion in deciding whether to transfer a case pursuant to § 1406. *Decker v. Dyson*, 165 Fed. Appx. 951, 954 n.3 (3d Cir. 2006) (citation and internal quotation marks omitted). Particularly where, as here, plaintiffs are unrepresented by counsel, § 1406 permits courts to "correct an erroneous venue choice without resorting to the harsh remedy of dismissal." *Henning v. Suarez Corp.*, No. 09-4282, 2010 WL 1817257, at *11 (E.D. Pa. May 4, 2010) (citation and internal quotation marks omitted); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (noting Congress enacted the transfer option under § 1406 to allow courts to avoid penalizing plaintiffs for making technical legal mistakes). Accordingly, the Court finds the interests of justice favor transfer to the Eastern District of Virginia.

An appropriate order follows.


BY THE COURT:


 /s/ Juan R. Sánchez_____

Juan R. Sánchez, J.